IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARK ANTHONY HINES, AIS #176654, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO. 1:24-cv-323-RAH-KFP |
| JOSEPH HEADLEY, *et al.*, | ) ) ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Mark Anthony Hines, an inmate proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Thereafter, Respondents filed an Answer, arguing that Hines' claims are unexhausted and without merit. (Doc. 17; doc. 19.) Upon consideration of the parties' filings, and for the reasons below, Hines' Petition will be denied without an evidentiary hearing. A certificate of appealability will not be issued.

## BACKGROUND

On June 12, 2020, Hines pled guilty to unlawful possession of a controlled substance (doc. 17-1 at 1-2.),[1] and abuse of a corpse (doc. 17-2 at 1).[2] That same day, the state court accepted the guilty plea and sentenced Hines to ten-years on the unlawful possession of a controlled substance count and fifteen-years on the abuse of a corpse count, to run concurrently. (Doc. 17-1 at 2; doc 17-2 at 1.) Hines did not directly appeal either sentence.

---

[1] Case Number CC-19-0378, Circuit Court of Covington County, Alabama.
[2] Case Number CC-19-0473, Circuit Court of Covington County, Alabama.

Hines was released on non-custodial supervision on June 27, 2023. (Doc. 17 at 2.) However, on October 26, 2023, Hines was again arrested for unlawful possession of a controlled substance. (Doc. 17-3 at 1.)[3] On March 18, 2024, Hines pled guilty to this charge. (Doc. 17-4 at 1.) He was then sentenced to a six-year term of imprisonment to run concurrently with the remainder of his ten and fifteen year sentences. (Doc. 17-4 at 1.)

Hines filed a motion for new trial on April 16, 2024, but this was summarily denied by the Geneva County District Court the next day. (Doc. 17-6 at 1.) Hines did not appeal this decision. Instead, on May 28, 2024, Hines, pro se, filed a Petition pursuant to 28 U.S.C. § 2254. (Doc. 1.) This was amended on July 8, 2024. (Doc. 8.)  In his Petition, Hines asserts: (1) this Court is obligated to backdate the sentence in CC-23-0662 to a date that would allow all three of his sentences to end conterminously and (2) as a result of the Geneva County District Court's failure to resentence him, he is entitled to $188,000 in damages for unlawful detention and physical and mental abuse.

## DISCUSSION

A petitioner must exhaust state court remedies before seeking relief through a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1). This ensures the State has an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989).

To meet the exhaustion requirement, the federal habeas petitioner must have "'fairly presented' to the state courts the 'substance' of his federal habeas claim." *Lucas v. Sec'y, Dep't of Corrs.*, 682 F.3d 1342, 1353 (11th Cir. 2012) (quoting

---

[3] Case Number DC-23-0662, District Court of Geneva County, Alabama.

2

*Anderson v. Harless*, 459 U.S. 4, 6 (1982)). In other words, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This one complete round can be satisfied either through a direct appeal to the Alabama appellate courts or through a post-conviction petition for collateral review under Rule 32 of the Alabama Rules of Criminal Procedure. *See Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review to the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); *see also Dill v. Holt,* 371 F.3d 1301, 1303 (11th Cir. 2004) ("A complete round of the state appellate process includes discretionary appellate review 'when that review is part of the ordinary appellate review procedure in the State.'"); *Wrenn v. Toney*, No. 21-13337-E, 2022 WL 966398, at *1 (11th Cir. Feb. 10, 2022) (finding claims procedurally barred because petitioner failed to exhaust claims, as he did not appeal denial of Rule 32 petition); Ala. R. Crim. P. 32.1(f), 32.2(c); Ala. R. App. P. 39, 40.

Furthermore, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 4). The Eleventh Circuit has affirmed such *sua sponte* dismissals without prejudice for unexhausted habeas petitions. *See, e.g.*, *Esslinger v. Davis*, 44 F.3d 1515, 1524 (11th Cir. 1995).

A review of the record confirms the Respondents' contention that Hines failed to exhaust his habeas claims through one complete round of state court appellate review during his state post-conviction proceedings. Whether viewed as a challenge to the legality of the sentence or the computation of the sentence, the claims were

3

not raised or pursued in state court and thus were not submitted to a complete round of Alabama's appellate review process—whether by direct review or in a Rule 32 petition and an appeal from the denial of a Rule 32 petition. *See Smith*, 256 F.3d at 1140–41. A review of the record indicates that neither of the claims in Hines' § 2254 petition were raised in state court. As such, the claims are unexhausted.

Further, Hines' monetary damages claim is not appropriate in a habeas petition. *See Nelson v. Campbell,* 541 U.S. 637, 646 (2004) ("Damages are not an available habeas remedy."); *Preiser v. Rodriquez,* 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Based on a review of Hines' § 2254 petition and the state court record, Hines has failed to exhaust his state court remedies regarding the claims in his current petition. Hines did not appeal to the Alabama appellate courts or through a post-conviction petition for collateral review under Rule 32 of the Alabama Rules of Criminal Procedure. These are prerequisites to filing a § 2254 petition. Moreover, Hines' damages claim is legally insufficient on its face. *See McFarland*, 512 U.S. at 856.

## CONCLUSION

Accordingly, it is **ORDERED** that Petitioner Mark Anthony Hines' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (doc. 8) is **DENIED** without an evidentiary hearing and this case is **DISMISSED** without prejudice for failure to exhaust his state court remedies. Because Petitioner has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not be issued. 28 U.S.C. § 2253. Final judgment will be entered separately.

**DONE**, on this the 8th day of April 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE